## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CAROLYN SCHMOLKE** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **WALMART, INC.** | * | **JUDGE** |
| | * | |
| | * | **MAGISTRATE** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant, Walmart Inc., (hereinafter "Walmart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 32ND Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. On July 19, 2021, Carolyn Schmolke, filed this lawsuit against Walmart Inc. in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, bearing Case No. 191667, Division "E", and entitled *Carolyn Schmolke v. Walmart, Inc."*. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A"). Walmart was served with this petition on August 5, 2021 through C T Corporation System. (*See* Citation and Service of Process attached hereto *in globo* and marked for identification as Exhibit "B".)

2. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident which occurred at the Walmart Store located at on Grand Caillou Road, in Houma, Louisiana on July 27, 2020.

3. Plaintiff's Answer to Interrogatory No. 34 states that the "Damages exceed $75,000.00."

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

4. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

5. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

6. In plaintiff's Petition for Damages alleged the plaintiff sustained the following injuries as a result of the accident:

> Past, present and future medical and pharmaceutical expenses; past, present and future physical pain and suffering and loss of function; past, present and future mental anguish and emotional distress; lost wages and/or diminished earning capacity; special care and services; loss of enjoyment of life and permanent partial disability. (*See* Exhibit "A", Plaintiff's Petition for Damages).

7. On or about November 17, 2021, counsel for Walmart received plaintiff's discovery responses, which indicated that plaintiff suffered a broken knee cap and two

other fractures in her knee, plus a torn medial meniscus in the accident made the basis of this lawsuit. She has undergone two surgeries as a result of the accident and has incurred significant medical expenses as a result of the extensive medical treatment and surgeries she has undergone. The plaintiff indicated in her discovery responses that the value of the case exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS exclusive of interests and costs.

8. Walmart has satisfied the procedural requirements for removal, in that this notice of removal is being filed within thirty days after service with responses to Walmart's Interrogatories and Requests for Production of Documents.

### B. COMPLETE DIVERSITY

9. Walmart Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas, and is a publicly held company.

10. Upon information and belief, Plaintiff is a resident of and domiciled in the Parish of Terrebonne, State of Louisiana.

11. Accordingly, there is complete diversity of citizenship between the Plaintiff and the Defendant.

12. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by information furnished to Walmart by plaintiff, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.   WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13. This Notice of Removal has been filed within thirty (30) days after receipt by Walmart of the plaintiff's responses to Interrogatories and Requests for Production of Documents, which was the first instance that defendant Walmart could have ascertained that the case is removable under 28 USC § 1446(b).

14. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

15. The 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

16. No previous application has been made by Walmart in this case for the relief requested herein.

17. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, Carolyn Schmolke, and a copy is being filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

18. Attached hereto are the following additional documents which complete the

documents contained in the state court record:

    a.    Motion for Extension of Time (Exhibit "C") and Amended Jury Order (Exhibit "D").

    19.    Petitioner, Walmart, desires and is entitled to **trial by jury** of all issues herein

**WHEREFORE**, Defendant, Walmart Inc., hereby removes this action from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/SIDNEY J. HARDY
**SIDNEY J. HARDY (#1938)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA   70112
Telephone:  (504) 831-0946
Facsimile:  (800) 977-88210
Email: sjh@mcsalaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 10th day of December, 2021.

/s/SIDNEY J. HARDY
SIDNEY J. HARDY