| | | |
|---|---|---|
| **CAROLYN SCHMOLKE** | * | **32ND JUDICIAL DISTRICT COURT** |
| **VERSUS NUMBER 191667** | * | **PARISH OF TERREBONNE** |
| **WALMART, INC.** | * | **STATE OF LOUISIANA** |

## PETITION FOR DAMAGES

The petition of **CAROLYN SCHMOLKE,** a person of the full age of majority, and residing and domiciled in the Parish of Terrebonne, State of Louisiana, appearing herein through undersigned counsel of record, respectfully represents as follows:

1.

Made defendant herein is **WALMART, INC.,** a foreign corporation, authorized to do and doing business in the Parish of Terrebonne, State of Louisiana.

2.

Venue is proper in this Court as the events giving rise to this lawsuit occurred in Terrebonne Parish and damages were sustained in Terrebonne Parish.

3.

The named defendant, Walmart, Inc., is indebted to petitioner, Carolyn Schmolke, for such damages as are reasonable in these proceedings, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings, by reason of the following:

4.

On or about July 27, 2020, petitioner, Carolyn Schmolke was a patron at Walmart located at 933 Grand Caillou Road, Houma, Terrebonne Parish, Louisiana. Petitioner was walking down the aisle/browsing merchandise at said establishment in a careful and prudent manner, when suddenly, unexpectedly, and without warning, Ms. Schmolke slipped on a slippery, clear substance which, upon information and belief, appeared to be water, causing her to sustain injuries to her left knee.

5.

The aforementioned defendant, Walmart, Inc., is liable unto petitioner for its employees' negligence under La. Civ. Code Ann. art. 2315 and is strictly liable for things under its care,

RANDALL L. BETHANCOURT
JUDGE - DIVISION E

EXHIBIT "A"

custody and control, to-wit, the floor of the establishment, under La. Civ. Code Ann. art. 2317. Defendant knew or should have known of the dangerous condition.

6.

Alternatively, defendant breached its duties of care to Petitioner enumerated in La. R.S. 9:2800.6, which breaches include, but are not limited to the following:

(1) Failing to take all precautions to avoid this casualty;

(2) Placing or allowing to be placed and failing to remove a dangerous, liquid substance from the walkways of the premises, a dangerous condition which it knew of or should have known of with reasonable diligence;

(3) Failing to warn its customers of the dangerous condition;

(4) Failing to take precautions such as cleaning up the slippery liquid substance from the floor;

(5) Failing to properly inspect the floors of its store;

(6) Failing to re-route aisle traffic away from the hazard of the slippery floor despite knowledge of the presence of a liquid substance on the floor;

(7) Any and all other acts of negligence and omissions that shall be discovered and shown at the time of trial.

7.

As a result of the incident described above, Petitioner, Carolyn Schmolke, has suffered serious and disabling personal injuries including, but not limited to, injuries to her left knee, and said injuries have caused and continue to cause petitioner to suffer physical and mental pain, suffering, discomfort, and physical impairment.

8.

Petitioner, Carolyn Schmolke, alleges the following general and specific damages for which she is entitled to recover in an amount calculated to adequately compensate her for the injuries and damages she sustained:

1) Past, present and future medical and pharmaceutical expenses;

2) Past, present and future physical pain and suffering and loss of function;

3) Past, present and future mental anguish and emotional distress;

4) Lost wages and/or diminished earning capacity;

5) Special care and services;

6) Loss of enjoyment of life;

7) Permanent partial disability.

**WHEREFORE,** the premises considered, petitioner, Carolyn Schmolke, prays that:

I. The defendant, Walmart, Inc., be served with a certified copy of this petition, and cited to appear and answer same within fifteen (15) days of the date of such service;

II. After all due delays and legal proceedings are had, there be judgment rendered in favor of petitioner, Carolyn Schmolke, and against defendant, Walmart, Inc., for such damages as are reasonable, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings, penalties and attorney fees; and

III. For all general and equitable relief.

**Respectfully submitted:**

JOSEPH L. WAITZ, III (#36069)
HUNT B. DOWNER (#5046)
MARY W. RIVIERE (#19201)
**WAITZ & DOWNER**
**423 Goode Street**
**Houma, LA 70360**
**Tel: (985) 876-0870**
**Fax: (985) 876-0213**
*Attorneys for Plaintiff*

**PLEASE SERVE:**

**WALMART, INC.**
Through its agent for service of process,
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

FILED

JUL 19 2021
/s/ Shannon L. Bergeron
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA

LA. JUL 23 2021 , 20____

BY _____
Deputy Clerk of Court