UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN SCHMOLKE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 21-2278** |
| **WALMART, INC.** | **SECTION: "S" (4)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 12) is **DENIED**.

### BACKGROUND

This matter stems from plaintiff's slip and fall in the Grand Caillou Road Walmart store in Houma, Louisiana. At the time of her injury, plaintiff, Carolyn Schmolke, and her daughter, Jody Milligan, were trying to locate a stain remover pen, and had both traversed several aisles in their unsuccessful attempt. After they had gone up and down the detergent aisle searching fruitlessly, Schmolke went back to the adjacent grocery/paper products aisle to see if she had missed it on a prior pass. As Milligan turned the corner from the detergent aisle on to the grocery/paper products aisle where her mother was searching, she saw her mother slip and fall, striking her knee and landing in a seated position. As Mulligan approached, she noticed a clear liquid on the floor "from one end of the aisle to the other."[1] When her mother attempted to rise, Milligan noted that the entire back of her mother's pants was wet. Milligan instructed her mother

---

[1] Depo. of Jody Milligan, Rec. Doc. 14-1, 16:19-21; see also, Rec. Doc. 14-4, 2 (post-accident photographs).

not to move, and left to locate a store employee. Danielle Brown, a Walmart assistant manager, was alerted and investigated the incident. Subsequently, according to Milligan, an employee arrived and used a mop to clean up the liquid on the floor. Unable to stand on her own, plaintiff left the store after her son arrived and lifted her on to a motorized cart. She reported to the emergency room at Terrebonne General Hospital, where x-rays revealed she had a fractured knee cap and torn meniscus. While an orange caution cone used to flag the presence of liquids had been placed at the end of the adjacent detergent aisle prior to plaintiff's fall, no cone had been placed in the aisle where she fell.

In the instant motion, Walmart seeks summary judgment, arguing that plaintiff cannot prove all of the elements necessary to recover for her alleged slip and fall; specifically, she cannot prove that Walmart created or had actual or constructive notice of any condition on the floor or that any condition was present for a sufficient period of time to impute constructive knowledge to Walmart. Plaintiff opposes the motion, arguing that genuine fact issues exist on these questions.

## APPLICABLE LAW

### *Summary Judgment Standard*

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and "material" if it might affect the outcome of the suit under the governing substantive law. Cutting

Underwater Techs. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 517 (5th Cir. 2012).

If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents properly to support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

*Premises Liability in Louisiana*

Louisiana Revised Statutes § 9:2800.6, which establishes the burden of proof in slip and fall cases brought against merchants, provides in part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
>   (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
>   (2) The merchant either created or had actual or constructive notice of the

    condition which caused the damage, prior to the occurrence.

    (3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6. A plaintiff may prove a merchant's "constructive notice" of a condition by showing "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Id. at § 9:2800.6(C)(1). However, an employee's presence "in the vicinity in which the condition existed does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id. When a plaintiff relies upon constructive notice, the plaintiff must come forward with "positive evidence" showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1086 (La. 1997). The plaintiff's failure to prove any of the elements stated in § 9:2800.6(B) will result in judgment in the merchant's favor. Williamson v. Wal-Mart Stores, Inc., 130 So. 3d 478, 482 (La. App. 2 Cir. 2014).

## ANALYSIS

  In the instant case, Walmart argues that it is entitled to summary judgment because plaintiff cannot establish that it had actual or constructive knowledge of a dangerous condition on its premises.[2] In support, Walmart points to plaintiff's testimony that she does not know how long the substance had been on the floor, does not know how the substance got on the floor, did

---

[2] Because a failure to establish constructive notice defeats the claim, Walmart does not address whether the condition presented an unreasonable risk of harm or whether it failed to exercise reasonable care. However, it states explicitly that it does not concede those issues.

not notice any open bottles or containers that could have been the source of the spill, and never personally determined one way or the other if a Walmart employee was aware of it. Walmart also points to plaintiff's daughter's testimony that she did not know how long the stbustnace had been on the floor, and she did not see any Walmart associates in the area or hear any Walmart associate confirm there was a liquid on the floor prior to the accident.

In opposition, plaintiff argues that the presence of the cone used to mark spills on the adjacent aisle raises a question of whether there was liquid in the nearby area that made its way to the place of Schmolke's fall, and of which Walmart employees should have been aware. Plaintiff also argues that because she and her mother had been traversing the area for several minutes prior to the fall and did not encounter any other individuals who could have made a spill, the substance must have been there for some period of time.

Photographs taken by Milligan immediately after the accident clearly show a trail of liquid drops on the floor. In addition, plaintiff and her daughter testified that they had traversed the area for several minutes, and did not encounter an individual who could have made a spill in the moments leading up to fall. Accordingly, there is evidence that a liquid substance was present on the floor, and a reasonable jury could infer that it was there for some time. Also, it is undisputed that the next aisle over was marked with a hazard cone, from which a reasonable jury could infer that Walmart knew of a hazard in the area that could have extended to the adjacent aisle. Therefore, a fact issue exists on the question whether Walmart should have known there was a liquid substance on the floor that had been present for some time in the location where plaintiff fell, and accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Summary Judgment** (Rec. Doc. 12) is **DENIED**.

New Orleans, Louisiana, this  24th  day of August, 2022.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**