UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLYN SCHMOLKE                    CIVIL ACTION

VERSUS                              NO: 21-2278

WALMART, INC.                       SECTION: "S" (4)

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion in Limine** (Rec. Doc. 13) is **GRANTED in part**, insofar as plaintiff's safety expert will not be allowed to testify on medical causation. In all other respects, it is **DENIED**.

BACKGROUND

This matter stems from plaintiff's slip and fall in the Grand Caillou Road Walmart store in Houma, Louisiana. Detailed facts have been set forth in a prior order of the court and thus are not restated here. See Rec. Doc. 27. In the instant motion, Walmart seeks to exclude the testimony and opinions of plaintiff's proposed safety expert, Russell J. Kendizor, arguing that they exceed the scope of his expertise, are unreliable, irrelevant, and make improper legal and factual conclusions. Plaintiff opposes the motion.

APPLICABLE LAW

Federal Rule of Evidence 702 provides that for expert testimony to be admissible, "(1) the testimony [must be] based upon sufficient facts or data, (2) ... the product of reliable principles and methods, and (3) the witness [must have] applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. This rule requires the district court to act as a

gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Daubert, 509 U.S. at 589.

The Daubert relevance inquiry requires that the expert testimony must be relevant not only in the usual sense as required by Federal Rule of Evidence 401, but also that it must fit the facts of the case; that is, it must be shown that it will "assist the trier of fact to understand or determine a fact in issue." Id. at 592. Thus, courts exclude expert testimony on issues that the jury can "adeptly assess ... using only their common experience and knowledge." Peters v. Five Star Marine Serv., 898 F.2d 448, 450 (5th Cir. 1990).

The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 509 U.S. at 592-93. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998).

## DISCUSSION

Walmart challenges Kendzior's testimony that plaintiff's slip and fall caused her injuries, arguing that as a safety expert, he is not qualified to testify as to medical causation. Walmart also argues the testimony is unreliable because it is unsupported by facts in the record. Specifically, Walmart argues that plaintiff could not say that she slipped on a liquid on the floor, and thus Kendzior's testimony proceeding from the premise that she slipped on a liquid on the floor is based on "altered facts and speculation."[1] Finally, Walmart argues that Kendzior's opinions are irrelevant because they are unhelpful as they intrude upon the domain of common sense, and

---

[1] MSJ Memo in Support, Rec. Doc. 13-1, 11.

require no expert assistance.

Kendzior's testimony that plaintiff's injuries were caused by the slip and fall are excluded. Kendzior is a retail products executive, not a medical doctor, and is therefore unqualified to opine on the medical causation of plaintiff's injuries.

With respect to Walmart's argument that Kendzior's opinion is unreliable, because it is premised on plaintiff's fall having been caused by the water, and thus is based on "altered facts or speculation," the court disagrees. While Walmart contends that plaintiff testified that she could not say that she had slipped on a liquid on the floor, the court has closely reviewed the deposition testimony cited by Walmart in support of this argument, and disagrees with that interpretation. Although plaintiff stated that she could not identify the source of the liquid on the floor (the presence of which was documented by contemporaneous photographs), plaintiff testified that she "determined that [she] had slipped on a liquid."[2] When asked "What do you recall about the liquid that caused you to slip?", she responded "It was clear and wet."[3] Considering this testimony, the court finds that to the extent Kendzior's opinion is based on the premise that plaintiff's fall was attributable to water on the floor, it is based on plaintiff's testimony, not on "altered facts and speculation." Further, a challenge "relating to the bases and sources of an expert's opinion[,] affect the weight to be assigned that opinion rather than its admissibility and should be left for the [fact-finder's] consideration." United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996).

---

[2] Depo. of Carolyn Schmolke, Rec. Doc. 13-2, 16:11-13.

[3] Id. at 16:17-19.

With respect to Walmart's contention that some of Kendzior's opinions offer only common-sense conclusions for which expert assistance is not required, whether Walmart's procedures conformed with industry standards is disputed in this matter, and industry standards for spill-containment and similar procedures are not within the knowledge of the average juror. Kendzior provides opinions on these subjects that are based upon his experience, his review of the documents and depositions, and relevant industry standards. This testimony is relevant because it may assist the jury in understanding industry standards and procedures at issue in this case and not within the typical juror's common knowledge. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion in Limine** (Rec. Doc. 13) is **GRANTED in part**, insofar as plaintiff's safety expert will not be allowed to testify on medical causation. In all other respects, it is **DENIED**.

New Orleans, Louisiana, this __2nd__ day of September, 2022.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**